IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIE HAWKINS,

                           Plaintiff,

                                          CIVIL ACTION
            vs.                           No. 06-3215-SAC

KATHLEEN SEBELIUS, et al.,

                           Defendants.


ORDER

     Plaintiff, an inmate confined by the Montgomery County
Department of Corrections in Independence, Kansas, proceeds pro se
on a complaint filed under 42 U.S.C. § 1983.  Plaintiff has paid the
initial partial filing fee assessed by the court under 28 U.S.C. §
1915(b)(1), and is granted leave to proceed in forma pauperis.
Plaintiff remains obligated to pay the remainder of the $350.00
district court filing fee in this civil action, through payments
from his inmate trust fund account as authorized by 28 U.S.C. §
1915(b)(2).

     Because plaintiff is a prisoner, the court is required to
screen the complaint and to dismiss it or any portion thereof that
is frivolous, fails to state a claim on which relief may be granted,
or seeks monetary relief from a defendant immune from such relief.
28 U.S.C. § 1915A(a) and (b).

     In this action, plaintiff seeks damages on allegations that he
is unlawfully confined on criminal charges of fleeing or attempting
to elude law enforcement officer, felony theft, and driving without
a license.  Plaintiff contends the evidence supporting these charges

is false and/or coerced.   In later pleadings plaintiff seeks dismissal of the pending criminal charges, and contends he is being denied his right to a timely preliminary hearing, and to effective counsel or the right to proceed pro se in his state criminal case.[1]

Having reviewed the record, the court finds this action is subject to being summarily dismissed for the following reasons.

To the extent plaintiff seeks his release and the dismissal of pending criminal charges, based on allegations that his present confinement violates his constitutional rights, then relief must be sought through a petition for writ of habeas corpus after first exhausting state court remedies.   *See* 28 U.S.C. §§ 2241 and 2254. Plaintiff may not pursue such relief through an action filed under 42 U.S.C. § 1983.   *See* Heck v. Humphrey, 512 U.S. 477, 481 (1994)(habeas corpus is exclusive remedy for prisoners who wish to challenge the fact or duration of their confinement)(*citing* Preiser v. Rodriquez, 411 U.S. 475 (1973)).

To the extent plaintiff seeks damages under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights, any such claim is premature until plaintiff can demonstrate the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87.   Courts have recognized that Heck applies to suits filed by pretrial detainees.

---

[1]Plaintiff is advised that any further pleadings submitted to this court without a caption that identifies the parties, the case number, and a title for the pleading is subject to being treated as correspondence or returned to plaintiff.

<u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 700-01 (9th Cir. 1996); <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102-03 (5th Cir. 1996). Because plaintiff's present confinement on pending state criminal charges does not appear to satisfy the requirement imposed <u>Heck</u>, plaintiff's claims for damages are not cognizable under 42 U.S.C. § 1983.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed without prejudice for the reasons stated herein.  The failure to file a timely response may result in the dismissal of the complaint without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why this action should not be dismissed without prejudice for the reasons stated by the court.

IT IS FURTHER ORDERED that all plaintiff's motions for service of his pleadings to defendants (Docs. 2 and 3), motions for dismissal of his pending state criminal charges (Docs. 4 and 8), motions for relief (Docs. 2 and 6), and motions for appointment of counsel (Docs. 2 and 7) are denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 31st day of August 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge