IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIE HAWKINS,

                    Plaintiff,

                                        CIVIL ACTION
          vs.                           No. 06-3215-SAC

KATHLEEN SEBELIUS, et al.,

                    Defendants.


                        <u>ORDER</u>

     Plaintiff proceeds pro se and in forma pauperis on a complaint
filed under 42 U.S.C. § 1983.  Plaintiff initiated this action while
confined in the Montgomery County jail in Independence, Kansas.

     Plaintiff seeks relief on two claims.  First, he claims
criminal charges filed against him Montgomery County for the theft
of a Grand Am in Kansas subjected him to unlawful confinement upon
his extradition to Kansas and violated his rights under the Double
Jeopardy Clause because Oklahoma had dismissed criminal charges
filed against him regarding the same vehicle.  Second, plaintiff
claims his constitutional rights are being violated in a pending
criminal prosecution in Montgomery County charging him with offenses
related to the theft of a Dodge Neon.  On these allegations
plaintiff seeks damages and his release from the pending Montgomery
County charges.  The two defendants named in the complaint are
Kansas Governor Sebelius, and the Montgomery County Department of
Corrections.

     The court reviewed plaintiff's allegations and directed
plaintiff to show cause why the complaint should not be dismissed

without prejudice because plaintiff's claim for damages was premature under Heck v. Humphrey, 512 U.S. 477 486-87 (1994), and because dismissal of the pending criminal charges must be pursued in a habeas corpus action rather than under § 1983.

In response, plaintiff clarifies that separate sets of facts support each claim, and thus correctly notes that the show cause order addresses only his second claim. Plaintiff also reiterates his allegations of constitutional error in his criminal case charging him with felony theft of a Dodge Neon. The court continues to find any claim for damages on this second claim is barred by Heck, and that plaintiff's attempt to secure his release and the dismissal of these criminal charges must be pursued in a habeas action filed under 28 U.S.C. § 2254 after first exhausting available state court remedies. Accordingly, plaintiff's second claim is dismissed without prejudice.

As to plaintiff's first claim for damages for his alleged unlawful confinement and for the alleged violation of his rights under the Double Jeopardy Clause, the court finds plaintiff's allegations state no claim for relief which can be granted under § 1983.

The face of the complaint reflects that plaintiff was extradited pursuant to a presumptively valid and unchallenged extradition warrant after entering a guilty plea to Oklahoma misdemeanor charges involving reckless driving without a license or insurance, and that he was confined in the Montgomery County jail pursuant to an outstanding Kansas warrant charging plaintiff with felony theft. It also appears the Kansas charge was dismissed shortly after plaintiff's scheduled first appearance in Montgomery

County District Court.  These facts are insufficient to establish a violation of plaintiff's constitutional rights, any denial of procedural due process in the extradition process, or any unlawful confinement.

Additionally, to the extent plaintiff seeks damages from the governor in her official capacity, any such claim is barred by the Eleventh Amendment.  Kentucky v. Graham, 473 U.S. 159, 166 (1985). See also Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989)("neither a State nor its officials acting in their official capacities are 'persons' under 42 U.S.C. 1983").  The governor also is entitled to absolute immunity from suit based on the issuance of an extradition warrant.  See White v. Armontrout, 29 F.3d 357 (8th Cir. 1994)(issuance of extradition warrant is a quasi-judicial act for which governor has absolute immunity).

Nor do plaintiff's allegations state a claim for damages against Montgomery County or the Montgomery County Department of Corrections.  A county may be liable on a § 1983 claim only when a plaintiff is deprived of his constitutional rights pursuant to a policy or custom of the county.  Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).  Plaintiff alleges no causal link between his alleged injury and an official county policy or custom, and thus states no claim of municipal liability under Monell.  To any extent the complaint could be liberally construed as naming the Montgomery County prosecutor as the intended party, such a defendant would be entitled to absolute immunity for initiating prosecution on the outstanding criminal charge of felony theft.  See Kalina v. Fletcher, 522 U.S. 118 (1997); Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

Because granting plaintiff an opportunity to amend the complaint would be futile to cure these deficiencies, the court concludes plaintiff's first claim should be summarily dismissed as stating no claim for relief under § 1983. *See* 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief). *See also* <u>Curley v. Perry</u>, 246 F.3d 1278, 1282 (10th Cir. 2001)(affirming district court's dismissal of the complaint with prejudice where no amendment would cure identified defects in the complaint).

Plaintiff's remaining pending motions for a writ of habeas corpus,[1] and for an investigation of Montgomery County's operation of the county jail, are denied without prejudice.

IT IS THEREFORE ORDERED that the complaint is dismissed, and that dismissal of plaintiff's second claim is without prejudice.

IT IS FURTHER ORDERED that plaintiff's pending motions (Doc. 12 and 14) are denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 24th day of August 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1]If plaintiff's bare one page motion for a writ of habeas corpus is an attempt to effect his appearance in federal court by requesting a writ of habeas corpus ad prosequendum, this request is now moot.  If plaintiff is attempting to seek a writ of habeas corpus related to his Montgomery County prosecution for felony theft of a Grand Am, plaintiff must refile a petition on court forms after first exhausting state court remedies.